**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM FULKERSON,

       Plaintiff,

v.                                                    No. 1:24-cv-00382-SCY[1]

NEW MEXICO DEPARTMENT OF JUSTICE,
RAUL TORREZ, in his personal capacity,
HECTOR BALDERAS, in his personal capacity,
ANDREW DEAKYNE, in his personal capacity, and
RODNEY GABALDON, in his personal capacity,

       Defendants.

## <u>ORDER TO SHOW CAUSE</u>

This matter comes before the Court on pro se Plaintiff's Violation of Constitutional Rights and Damages Complaint, filed April 22, 2024. Doc. 1. Plaintiff, who was formerly employed by the Social Security Administration, alleges that "[a]s a result of that toxic illegal environment, the Plaintiff suffered irreparable damages to his career; it led to the end of his fourteen year relationship/marriage – and his familial relationships for the most part; and most devastating – his mental health forever." Doc. 1 at 1-2, ¶¶ 1-2, 4 (stating his federal career "was prematurely ended by the illegal actions of his former employer, the Social Security Administration"). After seeking administrative relief from the Equal Employment Opportunity Commission and the Merit Systems Protection Board, Plaintiff sought relief in this Court and the

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. Doc. 4. Plaintiff has paid the filing fee. Doc. 3, and so the undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 F. App'x. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016)).

United States Court of Appeals for the Tenth Circuit. *See Fulkerson v. Social Security Administration*, No. 1:16-cv-00889-BRB-KBM ("*Fulkerson I*"); *Fulkerson v. Saul*, No. 1:20-cv-01145-WJ-SCY ("*Fulkerson II*"). In this action, Plaintiff asserts that Defendants violated Plaintiff's constitutional rights. Doc. 1 at 10-11, ¶ 29.

The Court has identified some deficiencies, described below, that warrant dismissal of the Complaint. The Court orders Plaintiff to show cause why the Court should not dismiss the Complaint and to file an amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023 WL 4560223 *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause.") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

### 1. Jurisdiction

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

The Complaint asserts claims against "the New Mexico Department of Justice (NMDOJ), which was formerly known as the New Mexico Office of the Attorney General." Doc. 1 at 11.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

> First, a state may consent to suit in federal court. Second, Congress
> may abrogate a state's sovereign immunity by appropriate
> legislation when it acts under Section 5 of the Fourteenth
> Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct.
> 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against
> individual state officers acting in their official capacities if the
> complaint alleges an ongoing violation of federal law and the
> plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal
> citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir.

2015); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x. 661,

665 (10th Cir. 2014) ("abrogation is valid only if Congress 'act[ed] pursuant to a valid exercise

of its power under § 5 of the Fourteenth Amendment'") (quoting *Nev. Dep't of Human Res. v.

Hibbs,* 538 U.S. 721, 726 (2003)). The Complaint fails to show that the Court has jurisdiction

over Plaintiff's claims against the NMDOJ because there are no factual allegations showing that

any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to

states apply in this case.

The Court orders Plaintiff to show cause why the Court should not dismiss the claims

against the NMDOJ for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If

Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.

## 2. Individual Defendants

Plaintiff asserts claims against Defendants Raul Torrez, Hector Balderas, Andrew

Deakyne, and Rodney Gabaldon ("the Individual Defendants") in their personal capacities. Doc.

1 at 1. The Complaint makes the conclusory allegation that Defendants Torrez and Balderas

"violated the Plaintiff's Constitutional rights." Doc. 1 at 15-16, ¶ 52. There are no factual

3

allegations regarding Defendants Deakyne and Gabaldon. The Complaint fails to state claims upon which relief can be granted against the Individual Defendants because it does not describe what each Individual Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

> Though a complaint need not provide "detailed factual allegations," it must give just enough factual detail to provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555, 127 S.Ct. 1955 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not count as well-pleaded facts. *Id.* at 678, 129 S.Ct. 1937. If, in the end, a plaintiff's "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018).

The Court orders Plaintiff to show cause why the Court should not dismiss the claims against the Individual Defendants for failure to state a claim. If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file an amended complaint stating claims against each of the Individual Defendants.

### 3. Criminal Statutes

It appears Plaintiff may be asserting claims pursuant to criminal statutes. Doc. 1 at 5, ¶ 8 (Judge Baldock "violated 18 U.S.C. subsection 242 – Deprivation of Rights under the color of Law;" "All of these Actors violated 18 U.S.C. subsection 241 - Conspiracy Against Rights"); *id.* at 10, ¶ 29 ("Federal and State Civil and Criminal law violations concerning the Plaintiff[']s Constitutional rights occurred within the State of New Mexico by multiple federal Actors, and

now, state Actors"); *id.* at 12, ¶ 34 ("Both federal and state Constitutional rights and felony

criminal statutes have been violated by the NMDOJ"); *id.* at 15, ¶ 49 ("This is a violation of 18

U.S.C. subsection[] 242 – Deprivation of Rights under color of Law"); *id.* at 17, ¶ 61

("Defendant Torrez has violated 18 U.S.C. Subsections 241, 242 and 1503"); *id.* at 18, ¶ 63

(stating the "violation of 18 U.S.C. Subsection 4 – Misprision of a Felony is applicable to the

staff of the Tenth Circuit Court of Appeals Executive Director's office"); *id.* at 19, ¶ 71

("Plaintiff filed a criminal complaint based upon 18 U.S.C. subsection 4").

 Plaintiff's claims pursuant to criminal statutes should be dismissed because "criminal

statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x. 414,

415-416 (10th Cir. 2003); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court orders Plaintiff to show cause why the Court should not dismiss the claims pursuant to

criminal statutes.

### 4. Federal Judges

 Although the caption of the Complaint does not name United States Court of Appeals

Judge Bobby R. Baldock, who presided over *Fulkerson I*, Chief United States District Judge

William P. Johnson, who presided over *Fulkerson II*, or any Judges of the United States Court of

Appeals for the Tenth Circuit as defendants, it appears Plaintiff may be asserting claims against

those Federal Judges. *See* Doc. 1 at 3, ¶ 6 (stating "the deprivation of the Plaintiff's

Constitutional right to due process starts with Judge Bobby Baldock"); *id.* at 22, ¶¶ 86-87

(stating Chief Judge Johnson "ENTERED INTO A CONSPIRACY to violate the Plaintiff's

Constitutional rights" (emphasis in original); "The Tenth Circuits' full panel of Judges . . .

ENTERED INTO THE CONSPIRACY" (emphasis in original)); *id*. at 24 (seeking damages "for violations committed by the other conspiracy participants").

It appears Plaintiff's claims against the Federal Judges for damages should be dismissed because Federal Judges "are immune from civil liability when they act within their jurisdiction." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435-36 (10th Cir. 1986). The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against the Federal Judges. If Plaintiff asserts that his claims against any Federal Judge should not be dismissed, Plaintiff must file an amended complaint that describes what each Federal Judge did to Plaintiff, when each Federal Judge did it, how each Federal Judge's actions harmed Plaintiff, and what specific legal right Plaintiff believes each Federal Judge violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Statements that a defendant is not entitled to immunity because defendant's "actions [were] taken [] outside the official legal duties" without supporting factual allegations are not sufficient to state a claim. Doc. 1 at 16, ¶ 56. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### 5. Attachments to the Complaint

Plaintiff attached 296 pages of documents to his Complaint. The Court will not review the attachments to the Complaint to determine whether Plaintiff can state a claim upon which relief can be granted. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 F. App'x. 689, 692 (10th Cir. 2001) ("Despite the

liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant."). Any information in the attachments that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint. The Court may consider the documents attached to the Complaint or amended complaint at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

### 6. Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

### 7. Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss Plaintiff's claims; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. Any legal argument in support of Plaintiff's claims must be set forth in Plaintiff's response to this Order, not in the amended complaint.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE