IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM FULKERSON,

       Plaintiff,

v.                                                                 No. 1:24-cv-00382-SMD-SCY

NEW MEXICO DEPARTMENT OF JUSTICE,
RAUL TORREZ, in his official capacity,
HECTOR BALDERAS, in his official capacity,
ANDREW DEAKYNE, in his official capacity, and
RODNEY GABALDON, in his official capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff, who was formerly employed by the Social Security Administration, alleged that "[a]s a result of that toxic illegal environment, the Plaintiff suffered irreparable damages to his career; it led to the end of his fourteen year relationship/marriage – and his familial relationships for the most part; and most devastating – his mental health forever." Violation of Constitutional Rights and Damages Complaint at 1-2, ¶¶ 1-2, 4, Doc. 1, filed April 22, 2024 ("Complaint"). Plaintiff alleged that his federal career "was prematurely ended by the illegal actions of his former employer, the Social Security Administration." Complaint at 2.

After seeking administrative relief from the Equal Employment Opportunity Commission and the Merit Systems Protection Board, Plaintiff sought relief in this Court and the United States Court of Appeals for the Tenth Circuit. *See Fulkerson v. Social Security Administration*, No. 1:16-cv-00889-BRB-KBM ("*Fulkerson I*"); *Fulkerson v. Saul*, No. 1:20-cv-01145-WJ-SCY ("*Fulkerson II*"). Defendants in this case were not parties in *Fulkerson I* or *Fulkerson II*. Plaintiff also sought relief in a third case in this Court against Defendant New Mexico Department of Justice

("NMDOJ"). *See Fulkerson v. New Mexico Office of the Attorney General*,[1] No. 1:23-cv-00860-MV-SCY ("*Fulkerson III*") (dismissed without prejudice after finding Plaintiff lacked standing to bring a lawsuit for Defendant's failure to prosecute).

In this case, Plaintiff states that he filed complaints with the NMDOJ alleging that the Social Security Administration, United States Judges and others did not provide Plaintiff with due process. *See* Complaint at 115, 144, 296-300. Plaintiff asserts claims for due process violations against the NMDOJ, Raul Torrez and Hector Balderas for failing to prosecute the Social Security Administration and the United States Judges. *See* Complaint at 21, ¶ 81. There are no allegations in the Complaint explaining what Defendants Deakyne and Gabaldon did to Plaintiff. Plaintiff seeks $40 million in damages and "any other (injunctive) relief the Court may deem proper." Complaint at 24.

United States Magistrate Judge Steven C. Yarbrough identified the following deficiencies in the Complaint warranting dismissal of claims: (i) it appears that the Court lacks jurisdiction over the claims against the NMDOJ due to Eleventh Amendment immunity; (ii) the Complaint failed to state claims against the individual Defendants because it did not describe what each individual Defendant did to Plaintiff; (iii) Plaintiff's claims pursuant to criminal statutes should be dismissed because criminal statutes do not provide for private civil causes of action; and (iv) it appears that Plaintiff may be asserting claims against the Federal Judges for damages, but those claims should be dismissed because Federal Judges are immune from civil liability when they act within their jurisdiction. *See* Order to Show Cause at 3-6, Doc. 5, filed April 25, 2024. Judge Yarbrough

---

[1] The New Mexico Office of the Attorney General is now named the New Mexico Department of Justice. *See* Press Release, January 10, 2024, New Mexico Department of Justice (https://nmdoj.gov/press-release/empowering-justice-attorney-general-raul-torrez-unveils-new-identity-as-the-new-mexico-department-of-justice/).

ordered Plaintiff to show cause why the Court should not dismiss the Complaint, and ordered Plaintiff to file an amended complaint. *See* Order to Show Cause at 8.

Plaintiff filed one document titled "Plaintiff's Response to Show Cause Order and Amended Complaint." *See* Doc. 9, filed April 30, 2024 ("Amended Complaint"). Because Plaintiff is proceeding *pro se* and his Amended Complaint sets forth amendments to his original Complaint instead of being a complete amended complaint, the Court construes Plaintiff's Amended Complaint as incorporating Plaintiff's original Complaint by reference. *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

Defendants NMDOJ, Raul Torrez and Hector Balderas ("State Defendants') filed a Motion to Dismiss Plaintiff's Amended Complaint. *See* Doc. 12, filed May 13, 2024 ("Motion") (indicating that Defendants Andrew Deakyne and Rodney Gabaldon are "Attorneys for Defendants" NMDOJ, Torrez and Balderas). Defendants Andrew Deakyne and Rodney Gabaldon joined in the State Defendants' Motion. *See* Notice of Joinder, Doc. 13, filed May 13, 2024.

**Eleventh Amendment Immunity**

Plaintiff asserts claims against the NMDOJ and the individual Defendants Torrez and Balderas in their official capacity. *See* Amended Complaint at 2 (stating: "the Plaintiff states that the named Defendants should be charge[d] on the basis of 'violations of their official capacity' instead of 'personal capacity'. The Plaintiff requests the amendment to reflect that the named Defendants are charged in their 'Official Capacity' and NOT in their 'personal capacity'") (emphasis in original).

3

Defendants contend that "[t]he Eleventh Amendment prohibits Plaintiff from bringing his claims against the NMDOJ and official capacity Defendants in Federal District Courts" and reference Judge Yarbrough's Order to Show Cause which notified Plaintiff:

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir.2012) (internal citations omitted and altered).
>
> *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015); *Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014) ("abrogation is valid only if Congress 'act[ed] pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment.'") (quoting *Nev. Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 726 (2003)). The Complaint fails to show that the Court has jurisdiction over Plaintiff's claims against the NMDOJ because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply in this case.

Order to Show Cause at 2-3.

In his response to the Order to Show Cause, Plaintiff states:

4. The Court's statement concerning the third exception to the Eleventh Amendment issue is met because the New Mexico Civil Rights Act and the cited case of Ex Parte Young case allow for lawsuits against individuals who

4

> are acting in their "official capacities." With the amendment/correction to "official capacity" by the Defendants, the Plaintiff case can proceed forward. Also, on page 5 of the NMCRA, Sections Seven, Eight and Nine discuss the immunity issues that limit the Defendants' ability to claim any type of immunity for actions they perpetrated. The Plaintiff calls the Court's attention to these sections of that document and their applicability to the instant case.

Amended Complaint at 3.

The New Mexico Civil Rights Act has not waived the State Defendants' immunity to suit pursuant to the United States Constitution in this United States District Court. The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added), and

> The state shall not have sovereign immunity for itself or any public body within the state for claims brought pursuant to the New Mexico Civil Rights Act, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M.S.A. § 41-4A-9. The State of New Mexico's waiver of sovereign immunity applies only to claims brought for violations of rights pursuant to the bill of rights of the constitution of New Mexico when those claims are brought in a State of New Mexico district court. The State's waiver of sovereign immunity does not apply to claims arising from alleged violations of rights pursuant to the United States Constitution or for claims brought in this United States District Court.

Plaintiff has not shown that the *Ex parte Young* exception applies to his claims against Defendants Torrez and Balderas in their official capacities.[2]

> To determine whether "*Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (quotation marks omitted). "[T]he exception is narrow: It applies only to prospective relief, [and it] does not permit judgments against state officers declaring that they violated federal law in the past...." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

*Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017).

Plaintiff fails to state a claim pursuant to *Ex parte Young* because he has not alleged an ongoing violation of federal law and is not seeking relief properly characterized as prospective. Plaintiff alleges past violations of his Constitutional rights based on Defendants' failure to prosecute the Social Security Administration and the United States Judges. Plaintiff also "alleges that the State has an ONGOING duty to protect its citizens' civil rights from federal intrusion and the NMDOJ's inaction to take appropriate legal action has continued to deprive the Plaintiff of his Constitutional rights under federal and state Constitutional law." Complaint at 19, ¶ 72 (emphasis in original). Plaintiff has not shown that he has a federal right to have the NMDOJ or state officials prosecute the federal agencies such as the Social Security Administration or United States Judges for alleged violations of Plaintiff's civil rights. *See Mandy R. ex rel. Mr. and Mrs. R. v. Owens*, 464 F.3d 1139, 1146-47 (10th Cir. 2006) ("To seek redress through § 1983, a plaintiff must assert a violation of a federal right, not merely a violation of federal law") (citing *Blessing v. Freestone,*

---

[2] The *Ex parte Young* exception to state sovereign immunity does not apply to Defendant NMDOJ. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (for the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief"). The NMDOJ is an arm of the state, not a state official.

520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997)); *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003) ("criminal statutes do not provide for private civil causes of action"); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Furthermore, Plaintiff has not requested any specific prospective injunctive relief. Plaintiff's request for unspecified injunctive relief that the Court "may deem proper" is not sufficient. The Court "cannot take on the responsibility of serving as the [Plaintiff's] attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); Fed. R. Civ. P. 65(d)(1)(B, C) ("Every order granting an injunction . . . must state its terms specifically[] and [] describe in reasonable detail . . . the act or acts restrained or required").

The Court concludes it does not have jurisdiction over Plaintiff's claims against Defendant NMDOJ and Defendants Torrez and Balderas in their official capacities because Plaintiff has not shown that: (i) the State of New Mexico has consented to suit in this Court; (ii) Congress has abrogate the State of New Mexico's Eleventh Amendment immunity; or (iii) there is an ongoing violation of federal law and Plaintiff seeks relief properly characterized as prospective. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses Plaintiff's claims against Defendant NMDOJ and Defendants Torrez and Balderas without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

7

the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**Defendants Deakyne and Gabaldon**

Defendants Deakyne and Gabaldon are attorneys with Garcia Law Group, LLC, and are counsel for Defendants NMDOJ, Torrez and Gabaldon in this case. Defendants Deakyne and Gabaldon also represented the NMDOJ in *Fulkerson III*. Plaintiff alleges that Defendants Deakyne and Gabaldon "filed a number of documents with the Court as a means to violate the Plaintiff's Constitutional rights by getting the Plaintiff's case dismissed." Amended Complaint at 3, ¶ 6. Plaintiff asserts claims against Defendants Deakyne and Gabaldon for violations of his Constitutional rights pursuant to 42 U.S.C. § 1983. *See* Complaint at 10-11, 17, 24; Amended Complaint at 2. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

The Amended Complaint fails to state a claim against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 because there are no allegations showing that Defendants Deakyne and Gabaldon were acting under color of state law. *See DiCesare v. McAnally*, 657 Fed.Appx. 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)).

The Court dismisses Plaintiff's claims against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 with prejudice for failure to state a claim.

It appears Plaintiff may be asserting claims against Defendants Deakyne and Gabaldon pursuant to state law. *See* Complaint at 10-11 (asserting state civil law violations and violations of Plaintiff's rights under the New Mexico Constitution); Amended Complaint at 3 (stating "The Court has supplemental jurisdiction over any implied state court tort claims contained within the Plaintiff's Complaint"). The Court, having dismissed Plaintiff's federal law claims against Defendants Deakyne and Gabaldon, declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Deakyne and Gabaldon. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Federal Judges**

Judge Yarbrough notified Plaintiff that:

Although the caption of the Complaint does not name United States Court of Appeals Judge Bobby R. Baldock, who presided over *Fulkerson I*, Chief United States District Judge William P. Johnson, who presided over *Fulkerson II*, or any Judges of the United States Court of Appeals for the Tenth Circuit as defendants, it appears Plaintiff may be asserting claims against those Federal Judges. *See* Complaint at 3, ¶ 6 . . .

It appears Plaintiff's claims against the Federal Judges for damages should be dismissed because Federal Judges "are immune from civil liability when they act within their jurisdiction." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435-36 (10th Cir. 1986).

Order to Show Cause at 5-6. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against the Federal Judges. *See* Order to Show Cause at 6.

Plaintiff is not asserting claims against the Federal Judges in this action. *See* Amended Complaint at 2 (stating "This lawsuit 24cv-00283 [sic] concerns the CIVIL VIOLATION of Law committed by the named Defendants in the instant case . . . **This case is not about suing the judges civilly for their crimes**") (emphasis in original). None of the Federal Judges are named Defendants in this case. *See* Complaint at 1; Amended Complaint at 1.

**Appointment of Counsel**

Plaintiff states he is mentally disabled and moves "for the appointment of an attorney because of the Plaintiff's inability to deal with persons illegally discriminating against him." Amended Complaint at 5-6, ¶ 14. Plaintiff attached a copy of a psychological evaluation dated April 7, 2017, which concluded that Plaintiff "still shows evidence of depression and a significant degree of suspiciousness and obsessive thinking concerning things that occurred on the job four years ago." Complaint at 112. Rule 17(c) of the Federal Rules of Civil Procedure provides that the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).

Plaintiff has not shown that he is incompetent for the purposes of Rule 17(c). *See Graham v. Teller County, Colo.*, 632 Fed.Appx. 461, 465 (10th Cir. 2015) ("courts "interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b)"); *State v. Gutierrez*, 2015-NMCA-082, ¶ 9 ("To be considered competent [to stand trial in a criminal case], a defendant must (1) understand the nature and significance of the proceedings, (2) have a factual understanding of the charges, and (3) be able to assist in his own defense"); *Schmidt v. WW Healthcare, LLC*, 2024 WL 4825347, ¶ 6 (N.M. Ct. App.) (to prove the defense of incompetence to contract, the "test of mental capacity is whether a person is capable of understanding in a reasonable manner, the nature and

10

effect of the act in which the person is engaged"). Plaintiff may be mentally disabled but he has not shown that his mental disability requires the appointment of a guardian ad litem pursuant to Rule 17(c). Plaintiff's Complaint, Amended Complaint and Response to the Motion to Dismiss show that Plaintiff understands that nature and significance of these proceedings, has a factual understanding of the claims he is asserting, and is able to prosecute his case.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's motion to appoint counsel. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**Sanctions**

> Defendants state:
>
> Plaintiff's conduct in this case and prior cases before this Court warrant deeming him a vexatious litigant under [sic] and restricting his filing rights against these Defendants . . . Plaintiff has made clear that he intends to continue refiling his lawsuits stemming from his employment with the Social Security Administration that ended over a decade ago.  *See* Complaint, Doc 1, p. 7 ("[Plaintiff] is resolved in filing as many other lawsuits as it takes until his rights are respected...") . . . Plaintiff's conduct warrants sanctions . . .Should the Court be hesitant to find relief under the vexatious litigant statute, there are several other options for an appropriate remedy, such as Rule 11 or the Court's inherent powers to protect from oppressive and frivolous litigation . . . Additionally, . . . 42 U.S.C. § 1988(b) would allow the Court to award the attorney fees incurred in defending against this frivolous action.

Motion at 7-8.

The Court denies Defendants' request for sanctions.  Plaintiff has a duty under Rule 11 to not assert claims for an improper purpose or that are not warranted by existing law, and it appears Plaintiff has violated that duty.  However, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Defendants have not filed a separate motion for sanctions.

**Motion to Strike Plaintiff's Closing Statement**

After completion of briefing of Defendants' Motion to Dismiss, Plaintiff filed a Closing Statement" which states the "Defendant's demonstrated and proven actions are deliberate, intentional and willful" and "**prays that this Court UPHOLDS AND DEFENDS the Plaintiff's Constitutional rights previously denied to him**."  Doc. 17, filed June 3, 2024 (emphasis in original).  Defendants NMDOJ, Raul Torrez, and Hector Balderas filed a Motion to Strike Plaintiff's Closing Statement because "there is no legal basis for the filing," "the Closing Statement does not contain any supporting legal authority," and Plaintiff did not seek leave of the Court to file the Closing Statement.  Doc. 19, filed June 14, 2024 ("Motion to Strike").  Plaintiff did not

12

file a response opposing the Motion to Strike. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion").

The Court grants the Motion to Strike Plaintiff's Closing Statement which is essentially a sur-reply to the Motion to Dismiss. Local Rule Civil Procedure 7.4(b) states: "The filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). Judge Yarbrough previously notified Plaintiff of his responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure. *See* Order to Show Cause at 7, Doc. 5, filed April 25, 2024. Plaintiff did not seek leave of the Court to file his Closing Statement and did not file a response opposing the Motion to Strike.

**IT IS ORDERED** that:

(i) Defendants NMDOJ, Raul Torrez, and Hector Balderas' Motion to Dismiss Plaintiff's Amended Complaint and Reply to the Order to Show Cause, Doc. 12, filed May 13, 2024, in which Defendants Andrew Deakyne and Rodney Gabaldon joined, is **GRANTED.** This case is **DISMISSED** as follows: (a) Plaintiff's claims against Defendants NMDOJ, Raul Torrez and Hector Balderas are **DISMISSED without prejudice** for lack of subject-matter jurisdiction; (b) Plaintiff's claims against Defendants Andrew Deakyne and Rodney Gabaldon pursuant to 42 U.S.C. § 1983 are **DISMISSED with prejudice** for failure to state a claim; (c) Plaintiff's state-law claims against Defendants Andrew Deakyne and Rodney Gabaldon are **DISMISSED without prejudice**; (d) Defendants' motion for sanctions is **DENIED.**

(ii)    Defendants NMDOJ, Raul Torrez, and Hector Balderas' Motion to Strike Plaintiff's Closing Statement, Doc. 19, filed June 14, 2024, is **GRANTED.** The Court **STRIKES** Plaintiff's Closing Statement, Doc. 17, filed June 3, 2024.

_____
**UNITED STATES DISTRICT JUDGE**